IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. _____

CHARLES D. RICE, individually &
on behalf of all similarly situated,

    Plaintiff(s),

v.

AMERIFLEET TRANSPORTATION, INC.

    Defendant.

## Complaint

1. The Plaintiff, Charles D. Rice, sues, on his own behalf and on behalf of all similarly situated, Defendant, Amerifleet Transportation, Inc. for unpaid overtime.

2. The Honorable Court has original jurisdiction pursuant to 28 U.S.C. § 1331 and 29 U.S.C. § 216(b).

3. Defendant provides professional driveway and truck carrier transportation services to the corporate fleet and leasing industry.

4. Defendant was founded in 1997.

5. Defendant's clients include some of the largest corporation fleets and fleet management/leasing companies in the United States and Canada.

6. Defendant was Plaintiff's employer as defined by 29 U.S.C. § 203(d).

7. Defendant's transportation services are available in all 50 states, Puerto Rico and Canada.

8. Defendant employs local drivers and field customer service representatives in Colorado, California, Washington, Texas, Tennessee, Illinois, Indiana, Ohio, Georgia, Florida, South Carolina, North Carolina, Maryland, Pennsylvania, New Jersey and Massachusetts.

9. Defendant pays local drivers and field customer service representatives on an hourly basis.

10. Defendant pays overtime at time and a half to local drivers and field customer service representatives.

11. Defendant deducts thirty minutes per day from local drivers and field customer service representatives.

12. Defendant utilizes a Daily Deduction Pay Policy.

13. Plaintiff worked for Defendant as a local driver and field customer service representative.

14. Plaintiff attaches his declaration to this complaint to serve as his written consent to be party Plaintiff.

15. Defendant did not pay Plaintiff for all overtime hours worked.

16. Specifically Defendant failed to pay Plaintiff half an hour each day worked pursuant to its Daily Deduction Pay Policy.

17. Plaintiff complained to the corporate office of Defendant while he was employed, and the matter was not remedied.

18. Plaintiff through counsel notified Defendant in writing about this violation.

19. The notification referenced in paragraph 18 was completed through a letter dated September 24, 2014, which is attached.

20. Defendant did not respond to the September 24, 2014 letter referenced in paragraphs 18 and 19.

21. The Daily Deduction Pay Policy was a corporate policy that adversely impacted all local drivers and field customer service representatives.

22. Defendant has gross revenues of over $1,000,000 a year.

23. Defendant employs employees that are individually covered by the FLSA.

24. Defendant employs employees that handle goods or materials that move in interstate commerce.

25. Defendant is an enterprise as defined by 29 U.S.C. § 203(r).

26. Defendant is an enterprise engaged in commerce as defined by 29 U.S.C. § 203(s)(1).

27. Defendant conducts business in Denver, Colorado, among other locations.

28. Defendant has employed more than 100 local drivers and field customer service representatives.

29. Defendant has uniform policies for local drivers and field customer service representatives.

30. Defendant pays local drivers and field customer service representatives on an hourly basis.

31. Local drivers and field customer service representatives are non-exempt employees under the Fair Labor Standards Act (FLSA or Act).

32. Defendant pays local drivers and field customer service representatives time and half for overtime.

33. Defendant does not pay all hours worked over forty to its local drivers and field customer service representatives.

34. Defendant owes Plaintiff and other similarly situated employees unpaid overtime.

35. Defendant automatically deducts thirty minutes per day worked from fulltime local drivers and field customer service representatives.

36. All local drivers and field customer service representatives who worked overtime and were subjected to a daily thirty minute deduction within the past three years are similarly situated to Plaintiff.

37. Defendant willfully violated the FLSA.

38. Defendant acted in reckless disregard of the FLSA.

39. Local drivers and field customer service representatives' primary job duties are the same regardless of location.

40. The primary job duties of local drivers and field customer service representatives are to pick up fleet vehicles and deliver them.

41. Plaintiff was a local driver and field customer service representative for Defendant.

42. Florence Jones is one former employee that is similarly situated to Plaintiff. She attaches her declaration to serve as her consent to join Plaintiff's Complaint.

43. Defendant has willfully violated Sections 7(a)(1) and 15(a)(2) of the FLSA as it relates to the Plaintiff and all similarly situated employees.

44. Defendant's Daily Deduction Pay Policy was not directed towards Plaintiff alone.

45. Rather Defendant's Daily Deduction Pay Policy adversely impacted all fulltime local drivers and field customer service representatives.

46. This lawsuit excludes work conducted in Canada.

47. All local drivers and field customer service representatives that were not paid all overtime because of Defendant's Daily Deduction Pay Policy in the United States and Puerto Rico ought to receive notice of Plaintiff's Complaint.

Wherefore, Plaintiff demands conditional class certification, judgment, unpaid overtime for himself and all similarly situated, liquidated damages for himself and all similarly situated, pre-judgment interest if liquidated damages are not awarded, attorneys' fees and costs.

Respectfully submitted this 18th day of January 2015,

/s/ *Bernard R. Mazaheri*
Bernard R. Mazaheri
Texas Bar Number 24066628
Florida Bar Number 643971
Morgan & Morgan
20 N Orange Ave Ste 1600
Orlando, FL 32801
Telephone – (407) 420-1414
Email—BMazaheri@forthepeople.com

*Counsel for Plaintiff(s)*